12-3197
Lin v. Lynch

BIA
A099 026 744

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

GUANG LI LIN,
> *Petitioner*,

> v.                                        12-3197
>                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, N.J.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guang Li Lin, a native and citizen of the People's Republic of China, seeks review of a July 19, 2012 decision of the BIA denying his motion to reopen. *In re Guang Li Lin*, No. A099 026 744 (B.I.A. July 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Where the BIA has considered relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

An alien must file a motion to reopen within 90 days after the date on which the agency's final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Lin's motion was undisputably untimely because it was filed more than one year after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). However, there is no time limitation for filing a motion to reopen if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). We find that the BIA did not abuse its discretion in denying Lin's untimely motion to reopen.

Lin argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. In support of his motion, Lin submitted a letter from a neighbor in China, who claimed that he had been persecuted on account of his Christian faith. However,

3

the BIA reasonably determined that this letter was entitled to little weight given the underlying adverse credibility determination made by the immigration judge following Lin's asylum hearing. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007). Contrary to Lin's contention, the generalized country conditions evidence did not indicate conditions in China had worsened such that individuals similarly situated to Lin faced persecution. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Moreover, given the BIA's explicit discussion of the evidence submitted, we are not persuaded by Lin's assertion that the BIA failed to consider his evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Accordingly, substantial evidence supports the BIA's conclusion that Lin did not establish changed country conditions which would excuse the time limit for filing his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C).

Because the BIA did not abuse its discretion in denying Lin's untimely motion, we decline to consider Lin's prima

facie eligibility for asylum and withholding of removal, as the BIA did not reach this issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5